**Harold John HUMPHREY Jr.,**
**Plaintiff–Appellant,**

v.

**James LANDERS, c.o., Paul Paradiso, Correction Officer, Albany County Correctional Facility, The County of Albany, Defendants–Appellees,**

**John Doe, 3–4—unknown officers, Defendants.**

No. 08–3235–pr.

United States Court of Appeals, Second Circuit.

Sept. 1, 2009.

Harold John Humphrey Jr., Coxsackie, NY, pro se.

David Brickman, Law Office of David Brickman, Esq., Robert P. Roche, Special Assistant to County Attorney Kristin Burns, Albany, NY, for Defendants–Appellees.

* David G. Trager, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, Circuit Judge, and DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Harold John Humphrey Jr. appeals from a June 6, 2008 judgment of the United States District Court for the Northern District of New York (Homer, *M.J.*). Humphrey challenges the district court's grant of judgment as a matter of law in favor of Albany County and the Albany County Correctional Facility on a claim that he sustained injuries during a confrontation with corrections officers at the Albany County Correctional Facility. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ "We review *de novo* the district court's grant of defendants' motion for judgment as a matter of law," applying the same standard as the district court. *Black v. Finantra Capital, Inc.*, 418 F.3d 203, 208 (2d Cir.2005). "Judgment as a matter of law is appropriate when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Id.* (quoting Fed.R.Civ.P. 50(a)(1)).

Humphrey's claims against the municipal defendants were properly dismissed, because Humphrey failed to adduce evidence that his injuries resulted from a governmental policy or custom. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir.2004). "[A] municipality cannot be held liable under ... a *respondeat superior* theory." *Monell v. Dep't of*

Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Humphrey asserts that the district court should have instructed the jury concerning his assault and battery claims. Because Humphrey failed to raise this issue at trial, we review the claim for plain error. See Fed.R.Civ.P. 51(d); Shah v. Pan Am. World Servs., Inc., 148 F.3d 84, 96 (2d Cir.1998).

"[E]xcept for § 1983's requirement that the tort be committed under color of state law, the essential elements of [excessive force and state law assault and battery claims are] substantially identical." Posr v. Doherty, 944 F.2d 91, 94–95 (2d Cir. 1991). The jury considered—and rejected—Humphrey's excessive force claims. Because the standard of proof was the same for Humphrey's state law claims, he cannot show that the absence of an assault and battery instruction affected his substantial rights. See Fed.R.Civ.P. 51(d)(2).

■ Humphrey argues that Appellee James Landers testified falsely at trial and that his testimony went against the weight of the evidence. But we "cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute [our] judgment for that of the jury." Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 367 (2d Cir.1988) (internal quotation marks omitted). Humphrey's challenge involves the credibility of Landers' testimony, a matter within the province of the jury.

■ Finally, Humphrey argues that the defendants failed to produce documents regarding misconduct and use of force by Landers during his employment. "In general we refrain from passing on issues not raised below." Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 103 (2d Cir.2004). Humphrey made no motion to compel production of documents pertaining to Lan-

ders' prior misconduct, nor did he otherwise raise this issue before the district court. Moreover, defendants provided evidence that Landers was never disciplined for use of excessive force; Humphrey has presented no evidence that the documentation produced was incomplete or inaccurate. Accordingly, we deny relief on Humphrey's unpreserved discovery-related claim.

We have considered Humphrey's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**